UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 05- 064ML
:
JOHN DESILVERIA :

SUPPLEMENTAL PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure and Paragraph 16 of the original Plea Agreement dated May 12, 2005, the United States and Defendant, JOHN DESILVERIA have reached the following supplemental agreement:

1. Defendant agrees and waives any right to object to the government's motion to amend Count I of the Information from a charge of possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B), to the lesser included offense of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(C). Defendant further agrees that he will plead guilty to this amended count of said Information.

2. Defendant and the government agree to strike the language of paragraph 1. c. of the original plea agreement and replace it with the following:

The defendant hereby agrees and acknowledges that he is ineligible for any reduction of his guideline offense level pursuant to the "safety valve" provisions set forth in U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2.

3. Defendant and the government agree to strike the language of paragraph 2. a. of the original plea agreement and replace it with the following:

The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines, provided that Defendant does not seek a downward departure under the guidelines or advocate for a sentence below the guideline range.

4. Defendant and the government agree to strike the language of paragraph 4. of the original plea agreement and replace it with the following:

The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The defendant possessed a firearm that was present for and connected to the conduct set forth in the three counts of the information and the government would have proven that fact beyond a reasonable doubt;

b. The substance involved in Count I is 3.68 grams of cocaine base in the form of crack cocaine and the government would have proven that fact beyond a reasonable doubt;

c. The substance involved in Count II is 254.04 grams of cocaine and the government would have proven that fact beyond a reasonable doubt; and,

d. The substance involved in Count III is 32.16 grams of heroin and the government would have proven that fact beyond a reasonable doubt.

5. Defendant and the government agree to strike the language of paragraph 6 of the original plea agreement and replace it with the following:

The maximum statutory penalties for the offense to which defendant is pleading are as follows:

Count I - Twenty years imprisonment; a fine of $1,000,000; a term of supervised release of life, with a minimum mandatory term of three years; and a mandatory special assessment of $100;

Count II - Twenty years imprisonment; a fine of $1,000,000, a term of supervised release of life, with a minimum mandatory term of three years; and a mandatory special assessment of $100; and,

Count III - Twenty years imprisonment; a fine of $1,000,000, a term of supervised release of life, with a minimum mandatory term of three years; and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are sixty years

imprisonment; a fine of $3,000,000; and a term of supervised release of life, with a minimum mandatory term of three years. The mandatory special assessment totals $300.

6. Defendant and the government agree to strike the language of paragraph 13 of the original plea agreement and replace it with the following:

Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is 78 months incarceration or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

7. This supplemental agreement sets forth all of the amendments and additions to the original agreement between the parties. No other additional promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this supplemental agreement. Any additions, deletions, or modifications to the original agreement and/or this supplemental agreement must be made in writing and signed by all the parties in order to be effective.

8. Counsel for Defendant states that Counsel has read this supplemental agreement, been given a copy of it for Counsel's

file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the supplemental agreement.

9. Defendant states that Defendant has read the supplemental agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

JOHN DESILVERIA
Defendant

Date 6/1/05

C. LEONARD O'BRIEN, ESQUIRE
Counsel for Defendant

Date 6/1/05

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Date 6/2/05

MARY E. ROGERS
Assistant U.S. Attorney
Chief, Criminal Division

Date 6-2-05