UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Case No. CR 05 064ML

JOHN DESILVERIA (DOB 7/25/63)

**JOHN DESILVEIRA'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582 (c)(2) AND U.S.S.G §§ 1B1.10, 2 D1.1, AS REVISED**

Now comes John DeSilvera, through counsel, and respectfully requests that his sentence be reduced pursuant to the provisions of 18 U.S.C. §3582 (c)(2) and U.S.S.G. §§ 1B1.10 & 2 D1.1, as revised. The attached memorandum is in support of his request.

Respectfully submitted,
JOHN DESILVEIRA
By his Attorneys,

/s/ C. Leonard O'Brien

C. Leonard O'Brien, Esq., R.I. Bar #1886
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090
(401) 751-5096-Fax

CERTIFICATION

I hereby certify that on the 21st day of April 2008, I caused a copy of the within document to be emailed to Stephen G. Dambruch, Assistant United States Attorney, United States Attorney's Office, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 (email: stephen.dambruch@usdoj.gov); and mailed to Kristin Mattias, U.S. Probation Officer, United States District Court, Office of the Probation Officer, 2 Exchange Terrance, Providence, RI 02903.

/s/ C. Leonard O'Brien

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Case No. CR 05 064ML

JOHN DESILVERIA (DOB 7/25/63)

**MEMORANDUM IN SUPPORT OF JOHN DESILVEIRA'S MOTION FOR A SENTENCE REDUCTION**

The defendant, John DeSilveria has requested a reduction of the sentence previously imposed by the Honorable Court. He states the following in support of his request:

1. On June 3, 2005, he appeared before the Court and pled guilty to an Information, charging:
   a. (**Count I**) Possession of Cocaine Base with Intent to Deliver,
   b. (**Count II)** Possession of Cocaine with Intent to Deliver
   c. (**Count I**) Possession of Heroin with Intent to Deliver,

   all in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).
2. The defendant was sentenced on September 9, 2005.
3. In determining the defendant's total offense level, the Court referred to Application Note 10 of U.S.S.G. § 2D1.1 (as then in effect), and converted the various quantities of controlled substances possessed by the defendant into "equivalent" amounts of marijuana. The underlying calculations were:
   a. 3.68 grams of cocaine base converted to 73.6 kilograms of marijuana,
   b. 254.04 grams of cocaine converted to 50.81 kilograms of marijuana, and
   c. 32.16 grams of heroin converted 32.16 kilograms of marijuana.

   The total equivalent amount of marijuana was 156.57 kilograms and, as it amounted to more than 100 kilograms but less than 400 kilograms of marijuana, the base offense level was set at level 26.

4. The defendant's base offense level was increased by 2 points pursuant to U.S.S.G. § 2D1.1(b)(1) because he had possessed a pistol and he received a three point reduction due to his acceptance of responsibility.
5. Based on the above, the Court determined that the defendant's total Offence Level was 25 and that his criminal history fell into Category I. The Court imposed a total prison term of 57 months, the bottom of the resulting guideline range.[1]
6. On November 1, 2007, subsequent to the defendant's sentencing, the United States Sentencing Guidelines Commission amended U.S.S.G. § 2D1.1 to reduce the base offense levels for most quantities of cocaine base by two levels.
7. On December 11, 2007, under the authority created by 18 U.S.C. § 3582 (c)(2), the United States Sentencing Commission included the amendment in the list of retroactive amendments in U.S.S.G. § 1B1.10.
8. Until recently, there has been a dispute as to whether the amendment to U.S.S.G. § 2D1.1 applied to offenders convicted in cases involving cocaine base and one or more other controlled substances. However, on April 17, 2008, the Commission resolved the issue by modifying the commentary to § 2D1.1. Application Note 10(D) now provides that the offense levels for polydrug cases involving cocaine base are to be determined in the same manner as other polydrug cases, and, with three exclusions, the resulting combined offense levels are to be reduced by 2 levels. The exclusions to the provision do not apply to the defendant.

WHEREFORE, for the reasons set forth herein, the defendant respectfully urges the Court to grant his motion for a sentence reduction under 18 U.S.C. § 2D1.1 and U.S.S.G. §§ 1A1.10 and 2D1.1. He requests that he be granted a two level reduction and sentenced, at the bottom of guideline range 23, to a total term of 46 months.

[1] In accord with the plea agreement, the government also recommended that the Court impose the lowest term of imprisonment from the guideline range.

Respectfully submitted,
JOHN DESILVEIRA
By his Attorneys,

/s/ C. Leonard O'Brien
C. Leonard O'Brien, Esq., R.I. Bar #1886
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090
(401) 751-5096-Fax

CERTIFICATION

I hereby certify that on the 21st day of April 2008, I caused a copy of the within document to be emailed to Stephen G. Dambruch, Assistant United States Attorney, United States Attorney's Office, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 (email: stephen.dambruch@usdoj.gov); and mailed to Kristin Mattias, U.S. Probation Officer, United States District Court, Office of the Probation Officer, 2 Exchange Terrance, Providence, RI 02903.

/s/ C. Leonard O'Brien